TEXAS & PACIFIC R'Y CO. V. DAVID McCLANAHAN.

(No. 844.)

MASTER AND SERVANT.— *Held*, where an employee of one railroad is injured while attending to his duties by a defective brake on a car belonging to a different road, the question of ownership of the car does not affect the question of the liability of the employer.

APPEAL from Lamar county.    Opinion by WATTS, J.

STATEMENT.— Appellee brought this suit against appel-lant to recover $20,000 damages for personal injuries. The evidence shows that he was in the employment of appel-lant as a section hand, and as such was subject to the orders of the section foreman; that his duty was to assist in keep-ing the track in order and in loading cars with cross-ties; that while discharging his duty under the supervision and direction of the company's agent he was severely and per-manently injured by reason of a defective brake on one of the cars, his leg being broken in two places and his ankle dislocated, besides other bruises and wounds; that he knew nothing of the defect in the brake until after the injury,

but that it was known, or could have been known, to appellant by the use of reasonable care and diligence.

Appellant pleaded a general denial, and specially that appellee was injured by reason of his own fault or negligence; and further, that injury was occasioned by the negligence of appellee's fellow-servants, etc.

A trial was had and verdict for plaintiff for $4,500, from which this appeal is taken. Errors relied on for a reversal are: That the court erred in giving the charge asked for by appellee, because it did not explain the control over the train that would render appellant liable for the injury received by appellee, and that the court erred in not setting aside the verdict on the ground that it was contrary to the law and evidence in certain particulars.

OPINION.— No issue was made by the pleadings as to the ownership of, or control over, the train or particular car upon which it is claimed that appellee received the injury. Evidence was admitted without objection to the effect that the train was owned and operated by the Mo. Pac. R'y Co., and it was upon that supposed issue that the instructions were given that are here assigned as error. It is well settled that facts not alleged, although established by evidence, cannot form the basis of a decree or judgment. Hall v. Jackson, 3 Tex., 305.

Appellee was then the servant in the employment of the appellant as a section hand or laborer. As such his duty was to aid in repairing the track and loading cars with cross-ties, and in the discharge of this duty he was subject to the orders of the section boss; and while engaged in the discharge of these duties he was directed by appellant's agents, to whose orders he was subject, to assist in loading this train with ties.

The relation of employer and employee did not exist as between the appellee and the Mo. Pac. R'y Co.; he was the servant of the appellant and working under his directions and orders. So long as this relation exists and he was la-

boring under the orders of appellant, the latter was bound to exercise reasonable care in selecting the place as well as the instrumentalities with which the business is prosecuted. Wood on Master and Servant, p. 680, etc. In the language of the text-writer, "the master is bound to the exercise of reasonable care in reference to all the appliances of the business, and is bound to protect his servants from injury therefrom by reason of latent or unseen defects, so far as human care and foresight can accomplish that result." It appears the real cause of the injury was the defective car-brake, and that this defect could easily have been detected by an inspection. This, as appears from the evidence, was not such latent defect as could not have been detected and remedied by the exercise of reasonable care. As shown by the evidence, the injuries were severe and disabilities resulting therefrom permanent; therefore it cannot be justly said that the verdict was excessive.

AFFIRMED.